# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESUS GONZALES, JR.,

    **Plaintiff,**

 v.                       Case No. 02-C-646

**JO ANNE BARNHART,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

# DECISION AND ORDER

  By Order dated January 18, 2005, this Court adopted the recommendation of Magistrate Judge Aaron E. Goodstein granting the motion of the plaintiff Jesus Gonzales, Jr. ("Gonzales") for remand pursuant to sentence four of 42 U.S.C. § 405(g). *Gonzales v. Barnhart*, No. 02-C-646, Docket No. 19 (E.D. Wis. Jan. 19, 2005). Judgment was entered accordingly on January 19, 2005. Subsequently, on February 16, 2005, Gonzales filed a motion seeking an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). By letter dated February 24, 2005, the Defendant indicated that she did not oppose Gonzales's motion.

  The Court, as explained in its April 5, 2005 Order, deferred consideration of Gonzales's request until he explained or rectified certain discrepancies in his motion related to the calculation of fees and costs. In addition to certain computational errors, the Court

questioned Gonzales's utilization of the Chicago-Gary-Kenosha region index for calculating adjusted attorneys' fees based on the Consumer Price Index. In response to the Court's order, Gonzales filed an amended motion for fees and costs. This latter motion as well as its supporting memorandum and affidavit contains purportedly corrected calculations of fees and costs. Gonzales's newly adjusted attorneys' fees are based on the Milwaukee-Racine region data from the Consumer Price Index (All Items). In a response dated April 25, 2005, the Defendant verified Gonzales's calculations and stated that she does not oppose the instant motion.

Remarkably, the tables that Gonzales has provided the Court in his amended submissions *still* contain errors. The tables that appear both in Gonzales's amended motion and his amended supporting memorandum contain incorrect adjusted hourly rates for 2003 and 2005 under the EAJA and the Consumer Price Index. However, the bottom-line sums requested in these filings do reflect the correct EAJA rates, even though these rates are not accurately identified on the tables. Rather than having miscalculated his requested fees and costs, Gonzales has not populated his tables with correct numbers. Gonzales is fortunate that his adversary brought this innocuous discrepancy to the Court's attention; otherwise, his request might have been sent back for corrections yet again. At any rate, Gonzales's motion, in spite of its careless errors, may now be considered on its merits.

Gonzales may seek fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(A) which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, Gonzales, as the prevailing party may be eligible for fees and costs, absent special circumstances, if the Government's position was not "substantially justified." *Id.*; *Comm'r, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990). By statute, Gonzales's request is timely if filed within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

Judgment was entered in the present action on January 19, 2005 and the Court received Gonzales's request for fees and expenses on February 16, 2005. Therefore, Gonzales's motion is timely under § 2412(d)(1)(B). Furthermore, the Court is satisfied that Gonzales is a prevailing party within the purview of § 2412 and that his net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(2)(B); Pl.'s Aff. and Assignment of EAJA Fee. The Government has chosen not to carry its burden of showing that its position was substantially justified or that special circumstances make an award of fees unjust. *See United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000); *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Therefore, this Court will not analyze, *sua sponte*, whether the position of the United States was substantially justified.

3

The Court, having reviewed Gonzales's amended motion as well as his supporting memorandum and affidavits, finds that he has demonstrated that the fees he requests are reasonable. As Gonzales points out, though recoverable attorneys' fees are capped by statute at a rate of $125 per hour (*see* 28 U.S.C. § 2412(d)(2)(A)), the Court may make adjustments based on an increase in the cost of living. To this end, Gonzales has also properly discharged his burden of demonstrating the prevailing market rate for the type of legal services he received.

The Court recognizes that Gonzales's attorney worked 26.7 hours since the inception of this action. Adjusting for the hourly rate allowable under the EAJA and in accordance with the U.S. Department of Labor's statistics, specifically the Consumer Price Index for the Milwaukee-Racine region, the Court finds that Gonzales is entitled to attorneys' fees in the amount of $3,824.25. In addition to costs of $150, Gonzales is entitled to the sum of $3,974.25

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Gonzales's Amended Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (Docket No. 28) is **GRANTED**.

The Defendant is ordered to pay fees and costs totaling $3,974.25.

The Judgment of this Court (Docket No. 20), entered on January 19, 2005, is amended to reflect an award of attorney fees and costs to Gonzales totaling $3,974.25.

Dated at Milwaukee, Wisconsin this 26th day of April, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**